**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID PEREZ-MENDOZA, | Nos. 18-71521 |
| | 19-71734 |
| Petitioner, | |
| | Agency No. A200-149-731 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

In these consolidated petitions for review, David Perez-Mendoza, a native

and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for cancellation of removal, and the BIA's subsequent

order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). In No. 18-71521, we dismiss the petition for review. In No. 19-71734, we deny in part and dismiss in part the petition for review.

As to No. 18-71521, we lack jurisdiction to review the agency's discretionary determination that Perez-Mendoza did not show exceptional and extremely unusual hardship to his U.S. citizen children. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's hardship determination). Perez-Mendoza's contention that the BIA applied an incorrect legal standard has no support in the record and is not colorable. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

As to No. 19-71734, we have jurisdiction to review the BIA's denial of Perez-Mendoza's motion to reopen to the extent it is based on the new evidence of the suicide of his children's stepfather, but lack jurisdiction regarding the remaining cumulative evidence. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (court has jurisdiction to review the agency's decision where "the evidence submitted addresses a hardship ground so distinct from that considered

previously as to make the motion to reopen a request for new relief"). The BIA did not abuse its discretion in denying the motion where the new hardship evidence was insufficiently specific to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law"). Perez-Mendoza's contention that the BIA's decision fails to provide reasoned analysis is unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Perez-Mendoza's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019). He has not shown that the BIA overlooked any contentions in his motion to reopen, where the BIA addressed whether his removal proceedings should be reopened in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

No. 18-71521: **PETITION FOR REVIEW DISMISSED.**

No. 19-71734: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**